UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DOUGLAS ROTHENBERGER,

                    Plaintiff,

                -against-                          **MEMORANDUM AND ORDER**

NEW YORK CITY POLICE DEPARTMENT           06-CV-868 (NGG) (LB)
and [BOROUGH] MANAGER SHERMAN
RICHARDS, SCHOOL SAFETY DIVISION,

                  Defendants.
-------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge:

      Plaintiff Douglas Rothenberger ("Rothenberger" or "Plaintiff") brought this action against Defendants New York City Police Department and Borough Manager Sherman Richards, School Safety Division (collectively, "Defendants") under the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. ("ADEA"). Defendants moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Defendants' motion for summary judgment was referred to Magistrate Judge Lois Bloom for a Report & Recommendation ("R & R"). In the R & R, dated March 27, 2008, Magistrate Judge Bloom recommended that this court grant Defendants' motion for summary judgment and dismiss Plaintiff's Complaint in its entirety. Plaintiff filed objections to the R & R within the prescribed ten-day period.

      After examining the record, the R & R, and Plaintiff's objections, I conclude that Plaintiff's objections fail to address any of the findings of undisputed fact that support Magistrate Judge Blooms's recommendation. Indeed, Plaintiff's objections are entirely conclusory ones, referencing only certain exhibits and facts that Plaintiff believes Magistrate Judge Bloom should have considered and relied upon.

In the first place, the court rejects Plaintiff's objections that the Magistrate Judge did not consider certain exhibits or facts in her R & R. The Federal Rules of Civil Procedure provide that, "[w]ithin 10 days after being served with a copy of [a magistrate's] recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b). In order to preserve a claim for review, a plaintiff must make references to specific findings or recommendations to which he or she objects. See Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002) (holding that a "bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve" the petitioner's claim). Applying this rule, Plaintiff's objections to the R & R are not sufficient. The seven-paragraph letter Plaintiff submitted to the court is little more than a list of documents and facts that he believes the court should have considered in arriving at its findings, but nowhere in his submission does Plaintiff provide any reasoning – legal or otherwise – to support his argument that Magistrate Judge Bloom erred either in her consideration of the evidence or in arriving at any conclusion or recommendation.

Moreover, even were this court to accept Plaintiff's conclusory objections that Magistrate Judge Bloom erred in failing to consider certain facts or pieces of evidence, none of the documents or facts to which Plaintiff points call into question the Magistrate Judge's conclusions of law. For example, according to the R & R, the undisputed evidence in this case shows that Plaintiff's failure to promote claim under the ADEA fails because he was offered and, in fact, refused the position of associate supervisor of school security. Plaintiff objects that Magistrate Judge Bloom's R & R does not mention that Plaintiff submitted a document to the court that indicates that he declined the promotion due to its lower salary. Plaintiff's objections on this

point to do not impact the R & R's conclusion that Plaintiff cannot show that he was denied a promotion due to his age. See Mandell v. County of Suffolk, 316 F.3d 368, 377 (2d Cir. 2003). If anything, this evidence supports the conclusion that Petitioner himself turned down the promotion, not that Defendants illegally considered his age in rejecting Petitioner for it.

The R & R also concludes that Plaintiff failed to establish a disparate treatment claim under the ADEA since Plaintiff fails to demonstrate an inference of discrimination based on age with regard to his unsatisfactory performance evaluations. Again, Plaintiff's objections are conclusory and unsupported by any evidence in the record. He states that "I believe that as the plaintiff I have proved by a preponderance of the evidence that my age played a motivating role . . ." (Plaintiff's Objections at 3) but fails to point to any evidence in the record to support such an argument. Plaintiff entirely fails to address Magistrate Judge Bloom's conclusion that Defendants had legitimate business reasons to give Plaintiff's negative performance reviews and that such reviews were due to his age. Nor do Plaintiff's objections address Magistrate Judge Bloom's findings that Defendants did not deny Plaintiff overtime due to his age or that he was not retaliated against because he engaged in protected activity.

For the foregoing reasons, the court denies the Plaintiff's objections and adopts the R & R in its entirety for the reasons stated therein. The court hereby grants Defendants' motion for summary judgment and dismisses Plaintiff's Complaint in its entirety. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: June 16, 2008                /s Nicholas G. Garaufis
      Brooklyn, New York           NICHOLAS G. GARAUFIS
                                         United States District Judge